**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RICK REGAN, et al.,  )<br>                            )<br>            Plaintiffs,  )<br>                            )<br>v.                          )<br>                            )<br>KANSAS INVESTIGATIVE SERVICES, )<br>INC., et al.,              )<br>                            )<br>            Defendants.    )<br>_____) | **CIVIL ACTION**<br><br>No.  09-1039-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on the following motions:

1. Defendant City of Wichita's amended motion to dismiss (Doc. 25) and memorandum in support (Doc. 26), plaintiffs' response (Doc. 47) and the City of Wichita's reply (Doc. 50);

2. Defendants Hall Properties and Ron Hall's (collectively referred to as Hall) motion for summary judgment (Doc. 30) and memorandum in support (Doc. 31) and plaintiffs' response (Doc. 54, exh. 2);

3. Defendant Kansas Investigative Services' (KIS) motion to dismiss (Doc. 32) and memorandum in support (Doc. 33) and plaintiffs' response (Doc. 54, exh. 1);

4. Defendants Trent and Janelle Edelman's motion for summary judgment (Doc. 37) and memorandum in support (Doc. 38) and plaintiffs' response (Doc. 43);

5. Plaintiffs' motion to dismiss the state tort claims against the City of Wichita (Doc. 44) and memorandum in support (Doc. 46) and the City of Wichita's response (Doc. 49); and

6. Plaintiffs' motion to file responses to dispositive motions out of time (Doc. 54) and memorandum in support (Doc. 55). Defendant Ron Hall and KIS' responses to plaintiffs' motion to file out of time. (Docs. 56, 57).

**I.   Facts**

Plaintiffs Bonnie and James Tatum were leasing a home at 1621 Jump Street in February 2008. Ron Hall, the owner of the property, filed an eviction action after the Tatums failed to pay their rent. On February 20, the Tatums attended a hearing in which the court entered judgment in favor of Hall. The Tatums returned to their home and rented a U-Haul. As the Tatums were loading the U-Haul, Randy Hall, Ron Hall's brother, arrived and forcibly stopped plaintiffs from removing property from the home. Ron Hall was also present. Ron Hall called the police and showed the court documents. The police determined that Hall had a right to take possession of the Tatums' property and told the Tatums to turn over the keys to the U-Haul and leave the premises. The Tatums did so.

The Tatums filed a civil action in Sedgwick County District Court, Case No. 08-LM-10636. The Tatums were represented by James Ruane, plaintiffs' counsel in this case. Judge Lahey entered judgment in favor of the Tatums after a bench trial and found that Ron Hall wrongfully converted the Tatums' property on February 20. The Writ of Restitution which had been issued by the court was not properly served on the Tatums on February 20. The court further found that Randy Hall committed an assault and battery against the Tatums but that Ron Hall was not liable for those acts. For some reason not stated in the order, Randy Hall had been dismissed from the case,

-2-

without prejudice, at an earlier point in time.

Plaintiff Rick Regan was leasing a home at 1022 N. Aksarben in February 2008. Regan was behind on rent due to a job loss in late 2007. On February 20, the court entered a writ of restitution allowing Jan Yost to recover possession of the property. At approximately 5:00 p.m., Emery Goad, a process server employed by KIS, served Regan with the writ. Regan alleges that Goad would not allow him to remove any of his personal possessions from the property. Regan left in his vehicle and was only able to recover some food that was left in the garage.

Plaintiff Randy Hilderbrand also had property located at 1022 N. Aksarben which was removed by Goad. Hilderbrand and Regan submitted payments to KIS for back rent and the costs of moving. Hilderbrand and Regan were told that these payments must be made before the property seized would be returned to them. After making the payments, some, but not all, of the property was returned. Hilderbrand attempted to file a police report for the remaining missing property but was told that he would need to take the complaint to the judge as Goad was an officer of the court.

Plaintiffs filed this action against defendants seeking a declaratory judgment that plaintiffs are consumers protected by the Fair Debt Collection Practices Act (FDCPA). Plaintiffs allege violations of the FDCPA, a civil rights action against the City of Wichita and state law claims. All defendants, with the exception of Randy Hall, have either moved to dismiss or moved for summary judgment.

**II.  Standards**

**A. Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

**B. Summary Judgment Standards**

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here. Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists so that a rational trier of fact could resolve the issue either way and an issue is "material" if under the substantive law it is essential to the proper disposition of the claim. Adamson v. Multi Community Diversified Svcs., Inc., 514 F.3d 1136, 1145 (10th Cir. 2008). When confronted

with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If so, the court cannot grant summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**III. Analysis**

    **A.    Fair Debt Collection Practices Act**

All moving defendants urge the court to dismiss the FDCPA claims because they do not believe that they are debt collectors, as that term is used in the Act.

The FDCPA applies to "debt collection practices by debt collectors." 15 U.S.C. § 1692(e). A "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). A "debt collector" is a person engaged in "the collection of debts" and the definition specifically excludes "an officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties" or "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." 15 U.S.C. §§ 1692a(6), 1692a(6)(C) and (D).

Moreover, creditors are generally excluded from the definition of "debt collector" to the extent that they collect their own debts

in their own name.  Houck v. Local Federal Sav. and Loan, Inc., No. 93-6046, 1993 WL 191818, 4 (10th Cir. June 1, 1993).  But, a creditor does meet the definition of a "debt collector" if it attempts to collect debt by using a different name.  Id.; see also 15 § U.S.C. 1692a(6).  Moreover, an employee of a creditor is also specifically excluded from the definition of debt collector.  15 § U.S.C. 1692a(6)(A).

### 1. The City

The City argues that it is not liable under the Act because it is not a debt collector.  Plaintiffs only response to the City's argument is that the "definition of debt collector is the toughest question up for decision through this motion and Response to the city's motion to dismiss." (Doc. 47 at 5).  Contrary to plaintiffs' beliefs, the court finds that the statutory definitions set forth in section 1692a are clear.  While a police officer may have been called to Jump Street and incorrectly assumed that the writ had been served on the Tatums, those actions are not of a debt collector who is collecting a debt.  There is no authority which would support plaintiffs' position that the City is a debt collector in this circumstance.  Moreover, the statute clearly excludes government officials while performing their duties and persons who are attempting to serve legal process.  The City's motion to dismiss the FDCPA claims is granted.

### 2. Ron Hall and the Edelmans[1]

---

[1] In the initial motion, both Ron Hall and Hall Properties move for summary judgment on the basis of collateral estoppel.  However, the memorandum in support of the motion does not once mention defendant Hall Properties.  The motion is focused on Ron Hall.

-6-

Ron Hall is also not a debt collector under the Act. Based on the statutory language, Ron Hall is a creditor. In order to be considered a debt collector, Ron Hall must have, at some point, attempted to collect the monies owed under a different name. The complaint, however, lacks any allegation that Ron Hall attempted to collect the monies owed under in a different name. Ron Hall's motion for summary judgment on the FDCPA claims is granted. Also, for the same reasons, the Edelmans are not creditors under the Act. And, as was true for the Hall defendants, there is no allegation that they ever attempted to collect the monies owed using a different name. The Edelmans' motion for summary judgment on the FDCPA claims is therefore granted.

### 3. KIS

KIS also moves for dismissal of the FDCPA claims on the basis that it is not a debt collector under the Act because it was acting as a process server. Plaintiffs respond that KIS cannot utilize the process server exemption because it illegally seized property and used that property to collect a debt. (Doc. 54, exh. 1 at 6). The FDCPA prohibits unfair practices in debt collection. 15 U.S.C. § 1692f. Section 1692f(6) provides that a debt collector may not effect dispossession or disablement of property. Plaintiffs have alleged an actionable claim under section 1692f(6) if KIS is considered a debt collector under the statute.

The process server exemption applies to "those individuals whose involvement in a debt collection communication was limited to serving

---

Therefore, Hall Properties motion for summary judgment is denied.

the communication on the consumer-in effect, to being messengers."
Romea v. Heiberger & Assoc., 163 F.3d 111, 117 (2d Cir. 1998). "A
person who goes beyond being merely a messenger in serving legal
process and engages in prohibited abusive or harassing activities to
force an individual to repay a debt is no longer exempt under the
legal process server exception. At that point, he steps beyond the
bounds of the official duties inherent in serving process and takes
on a secondary role of 'debt collector' as defined within the
statute." Andrews v. South Coast Legal Servs., Inc., 582 F. Supp.2d
82, 88 (D. Mass. 2008)(quoting Flamm v. Sarner & Assoc. P.C., No.
02-4302, 2002 WL 31618443, at *5 (E.D. Pa. Nov. 6, 2002)).

Plaintiffs have alleged that Goad, KIS' president, refused
Regan's request to remove some personal items when he was removed from
the property. Regan and Hiderbrand have further alleged that not all
of their property was returned after it was held hostage in return for
back rent and storage fees. KIS asserts that their actions were
lawful under K.S.A. 58-2565(d). That statute states, in pertinent
part, that "if the tenant is removed from the dwelling unit as a
result of a forcible detainer action . . . and fails to remove any
household goods, furnishings, fixtures or any other personal property
in or at the dwelling unit after possession of the dwelling unit is
returned to the landlord, the landlord may take possession of the
property, store it at tenant's expense." K.S.A. 58-2565(d). While
KIS may have had the authority to remove and store the property at
Regan's expense, the statute does not give authority to KIS to refuse
Regan to remove some of his personal items prior to evacuating the
premises. The language of the statute states that the tenant must

-8-

"[fail] to remove property." In <u>Statewide Agencies, Inc. v. Diggs</u>, 31 Kan. App.2d 226, 62 P.3d 1105 (2003), a case KIS cites to support its position, the process server allowed the tenant to remove personal property from the home when she was evicted. In this case, plaintiffs allege that Goad repeatedly stated that items in the home were "his" and that Regan could not remove them as he was leaving.

At this stage of the proceedings, the court cannot find as a matter of law that KIS is not a debt collector under the FDCPA. KIS removed Regan and Hilderbrand's property even after Regan requested to remove just a few personal items. Moreover, KIS allegedly held those items hostage in lieu of payment of back rent and, after the rent was paid, did not return all items to Regan and Hilderbrand.

KIS' motion to dismiss the FDCPA claims is denied.

**B. Section 1983**[2]

The City urges to dismiss this claim on the basis that plaintiffs have failed to establish that the officers acted in accordance with a policy or custom when they were called to the eviction on Jump Street and/or the officers' actions in refusing to file a report of Hilderbrand's converted property. The only response to this position is that the city has a policy "not to take stolen property reports from evicted tenants." (Doc. 47 at 5).

> A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983. <u>Monell v. Dep't of Soc. Servs.</u>,

---

[2] Defendant KIS has also moved to dismiss any civil rights claims raised by plaintiffs against it. Plaintiff, however, has only alleged civil rights violations by the City of Wichita. <u>See</u> Docs. 1 and 54, exh. 1 at 5.

> 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978). A plaintiff may prove the existence of an official policy or custom in at least five ways: (1) the municipality may be liable for a decision by its properly constituted legislative body; (2) an official policy exists when the municipal board or agency exercises authority delegated to it by a municipal legislative body; (3) actions by those with final decision-making authority for the municipality constitute official policy; (4) the municipality may be liable for a constitutional violation resulting from inadequate training when its failure to train the lawless employee reflects a deliberate indifference to the plaintiff's constitutionally-protected rights; or (5) the municipality's custom caused the constitutional violation.

Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1256-57 (10th Cir. 2007)(internal citations omitted).

Because there can be no municipal liability unless a policy or custom caused the injury, the allegation of an offending municipal policy or custom is an essential element of plaintiffs' case. Plaintiffs' complaint fails to state that the actions taken in this case were pursuant to a policy or custom. While plaintiffs briefly raise the argument that a policy exists regarding the failure to take police reports, plaintiffs' civil rights allegations in the complaint are centrally focused on the police action in Jump Street. The police inaction with respect to Hilderbrand is mentioned in the allegations pertaining to the conversion claim and there is no allegation that these inactions were done pursuant to a policy or custom.

The City's motion to dismiss plaintiff's section 1983 claims for failure to state a claim is granted.

### C. State Claims Against the City

The City moved to dismiss the state tort claims against it because plaintiffs failed to provide notice as required under K.S.A. 12-105b(d). In response, plaintiffs filed a motion to voluntarily

-10-

dismiss the state claims. (Doc. 44). The City opposes plaintiffs' motion to dismiss but urges the court to dismiss the state claims with prejudice. The City believes that this sanction is proper solely due to plaintiffs' noncompliance with the statute. The court, however, does not believe such a sanction is necessary in this case. Plaintiffs may not have followed the proper statutory procedures but that conduct alone does not warrant dismissal with prejudice.

Plaintiffs' motion to dismiss the state claims against the City is granted. The claims are dismissed, without prejudice.[3]

**D.  Ron Hall's Motion for Summary Judgment (Doc. 30)**

Ron Hall urges the court to dismiss the remaining claims against him on the basis of collateral estoppel. In the underlying state action, the Tatums alleged that Randy and Ron Hall assaulted them and converted their property. Randy Hall was dismissed from the action without prejudice. Therefore, the Tatums are free to bring the claims against Randy in this action.[4] The court, however, adjudicated the assault and conversion claims on the merits.

The Tenth Circuit has defined collateral estoppel as a doctrine which

> precludes a court from reconsidering an issue previously decided in a prior action where (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party

---

[3] Plaintiffs' request for declaratory judgment against the City is also dismissed as there are no remaining viable claims against the City. See Lippoldt v. Cole, 468 F.3d 1204, 1217 (10th Cir. 2006).

[4] Randy Hall is a pro se defendant in this case and the only defendant who did not file a dispositive motion.

-11-

against whom the doctrine is raised had a full and fair
opportunity to litigate the issue in the prior action.

B-S Steel Of Kan., Inc. v. Texas Indus., Inc., 439 F.3d 653, 662 (10th Cir. 2006).

Plaintiffs' concede that the theft and conversion claims have been adjudicated on the merits. (Doc. 54, exh. 2 at 17). Plaintiffs, however, do not address the collateral estoppel issues as to the emotional distress or assault claims. Plaintiffs simply contend that the FDCPA claims are not precluded. (Doc. 54, exh. 2 at 18).

The Journal Entry entered in the state case found that Ron Hall was not liable for the assault committed by Randy Hall. (Doc. 31, exh. C). Judge Lahey did determine that Randy Hall had committed assault. At that time, however, Randy Hall had already been dismissed, without prejudice, from the case. After considering the factors from Texas Indus. and the fact that plaintiffs failed to address whether the assault and emotional distress claims were raised in the previous case, the court finds that those claims are barred by collateral estoppel.

Ron Hall's motion for summary judgment is therefore granted.

**E. KIS' Motion to Dismiss (Doc. 32)**

KIS' motion to dismiss initially focuses on arguments which are based on the presumption that the court will find that plaintiffs fail to state a FDCPA claim against KIS. Because the court has determined that plaintiffs have sufficiently alleged an FDCPA claim against KIS, supra, those arguments are moot.

KIS next moves to dismiss any potential class allegations made by plaintiffs on the basis that the class would not meet the criteria

-12-

set forth in Fed. R. Civ. P. 23.  Plaintiffs did not respond to this argument.  After reviewing the complaint, the court finds that plaintiffs only mentioned a potential class in passing.  Plaintiffs have not properly plead a class action as required by Rule 23. Therefore, any class claims must be dismissed.

Finally, KIS argues that the Tatum plaintiffs should be severed from the claims of Regan and Hilderbrand under Rule 21.  When determining whether severance is appropriate under Rule 21, the court considers the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic.  Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc., 918 F. Supp. 343, 350 (D. Kan. 1996)(internal citations omitted).  At this stage in the proceedings, the court find that severance is unnecessary.  The court does not believe that joint discovery would result in an inconvenience or additional expense.  If this case should proceed to trial, the court would consider severance after briefing from all parties.

KIS' motion to dismiss is denied in part and granted in part. (Doc. 32).

**F.   Edelman's Motion for Summary Judgment (Doc. 37)**

The Edelmans' motion for summary judgment is focused on the FDCPA and civil rights' claims.  The court has determined, infra, that the Edelmans are not debt collectors under the FDCPA and are therefore entitled to summary judgment on those claims.  The court has also determined that the civil rights claims were only applicable to the City and those claims have also been dismissed.  The Edelmans' motion, however, is silent as to the state claims against them.

-13-

Therefore, the motion for summary judgment is granted. (Doc. 37).

**G. Motion to Respond out of Time (Doc. 54)**

In this motion, plaintiffs attached out of time responses to motions filed by KIS and Ron Hall. Plaintiffs' counsel explained the eight month delay as a result of his unfortunate medical issues. Both KIS and Hall object to the late filing of the responses. (Docs. 56, 57). This case was not reviewed until after plaintiffs filed their responses out of time due to an increasing civil docket of this court's newest federal judge. The undersigned judge took this case in an effort to assist. As a result of the delay and plaintiffs' counsel's disclosure, the court does not find that KIS and Hall have been prejudiced by the filing of the responses. In any event, the court would have come to the same conclusion if plaintiffs' counsel had not filed responses as the court must still consider the merits of uncontested motions. Issa v. Comp USA, 354 F.3d 1174, 1177 (10th Cir. 2003).

Therefore, plaintiffs' motion to file responses out of time is granted. (Doc. 54).

**IV. Conclusion**

Defendant City of Wichita's amended motion to dismiss (Doc. 25) is granted. Defendants Hall Properties and Ron Hall's motion for summary judgment is granted in part and denied in part. (Doc. 30). Specifically, Ron Hall's motion is granted and Hall Properties' motion is denied. Defendant KIS' motion to dismiss (Doc. 32) is granted in part and denied in part. Defendants Trent and Janelle Edelman's motion for summary judgment (Doc. 37) is granted. Plaintiffs' motion

to dismiss the state tort claims against the City of Wichita (Doc. 44) is granted without prejudice. Plaintiffs' motion to file responses to dispositive motions out of time (Doc. 54) is granted. The case is returned to the assigned U.S. Magistrate Judge for appropriate discovery practice.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992).

Any such motion shall not exceed five pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed five pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this <u>  18th  </u> day of March 2010, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE